IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHIEF INDUSTRIES, INC.,** | ) | |
| | ) | 8:05CV167 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **CAMPUS LOFTS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the plaintiff's Motion to Hold Trial in Lincoln, Nebraska (Filing No. 8). The plaintiff filed an index of evidence (Filing No. 9) and a reply brief (Filing No. 16) in support of the motion. The defendant filed a brief (Filing No. 12) and an index of evidence (Filing No. 13) opposing a change in the location of trial.

## BACKGROUND

This matter arises out of a business arrangement between the parties to purchase loft beds. The plaintiff is a Delaware corporation with its principal place of business in Grand Island, Hall County, Nebraska. **See** Filing No. 1, Exhibit A ¶ 1 (Complaint). The plaintiff manufactures metal loft beds for use in university and college campus dormitories. *Id.* ¶ 3. The defendant is an Iowa corporation with its principal place of business in Moville, Iowa. *Id.* ¶ 2. The defendant leases the types of beds made by the plaintiff. *Id.* ¶ 4. The plaintiff alleges the defendant ordered 750 loft beds for installation at the University of Wisconsin-Stevens Point, but failed to pay a portion of the purchase price. *Id.* ¶¶ 5-6, 8.

The complaint was initially filed on March 9, 2005, in the District Court of Hall County, Nebraska. **See** *id.* On April 13, 2005, the defendant removed the matter to the United States District Court for the District of Nebraska. **See** Filing No. 1. At the time of removal, the defendant requested that the place of trial be Omaha, Nebraska. **See** *id.* ¶ 9. The plaintiff now seeks to move the place of trial to Lincoln, Nebraska.

## ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action or the removing party at the time of filing a petition for removal shall make written request for trial of the case at Omaha, Lincoln, or North Platte. Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, or the plaintiff in a removed action within ten (10) days after service of the notice of removal, may file a written Nebraska Civil Rules request for trial at Omaha, Lincoln, or North Platte. If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be accompanied by a supporting affidavit.

Further, in deciding the place of trial "the judge shall give consideration to the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. ***Standard Office Sys. v. Ricoh Corp.***, 742 F. Supp. 534, 537 (W.D. Ark. 1990). The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. **See** NECivR 40.1(b); **compare *Terra Int'l, Inc. v. Mississippi Chem. Corp.***, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)). The choice of forum is given great weight and should not be disturbed

unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994); *Gen. Comm. of Adjustment v. Burlington N.R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Nelson*, 747 F. Supp. at 535 (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm.*, 895 F. Supp. at 252; **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

In this matter, the defendant initially requested Omaha as the place of trial when it filed the notice of removal. Therefore, it is the plaintiff's burden of showing a change in the place of trial is warranted. The plaintiff argues that Lincoln provides a more convenient place of trial because Grand Island is only 100 miles from Lincoln, but 150 miles from Omaha. The plaintiff's principal place of business is in Grand Island. The plaintiff alleges at least five witnesses who will testify at trial reside in Grand Island. **See** Filing No. 8 (Affidavit of Donald Dunn). Finally, counsel for the plaintiff has an office in Lincoln.

The defendant argues the plaintiff merely seeks to shift the burden of excess travel to the defendant. The defendant contends the plaintiff is better able to bear the costs of travel because the plaintiff is large corporation, while the defendant is a small family owned business. The defendant's principal place of business, Moville, Iowa, is located approximately 110 miles from Omaha and 160 miles from Lincoln. The defendant also states it anticipates at least three witnesses from Iowa and other witnesses from Wisconsin to testify at trial. **See** Filing No. 13 (Affidavit of Eric Hennings). Finally, counsel for the defendant have offices in Sioux Falls, South Dakota and Omaha, Nebraska.

The convenience of witnesses, on the basis of the affidavits before the court, appears to favor Omaha, even though it is unclear how many witnesses from each location will be necessary to the resolution of this case. For the witnesses, counsel and the parties, the relative convenience of trial in Omaha outweighs the convenience to the plaintiff and its counsel of having trial in Lincoln. The court refuses merely to shift the burden of travel to the defendant. After reviewing the materials submitted by the parties at this time, the court finds

that, upon consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be Omaha, Nebraska.  Upon consideration,

**IT IS ORDERED**:

The plaintiff's Motion to Hold Trial in Lincoln, Nebraska (Filing No. 8) is denied.

Dated this 29th day of June, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge