IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHIEF INDUSTRIES, INC., ) | |
| ) | 8:05CV167 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | MEMORANDUM AND ORDER |
| CAMPUS LOFTS, INC., an Iowa ) | |
| Corporation, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on a statement of objection (Filing No. 30) filed by the defendant Campus Lofts, Inc. ("Campus Lofts") to the magistrate judge's report and recommendation (Filing No. 28). The magistrate judge recommended that a motion to remand (Filing No. 14) filed by Chief Industries Inc. ("Chiefs Industries") be granted. Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report and recommendation to which Campus Lofts objects. Accordingly, the court has reviewed the record and briefs. The court now concludes that Campus Lofts' statement of objection should be overruled, that the magistrate judge's report and recommendation should be adopted in its entirety, and that Chief Industries' motion to remand should be granted.[1]

**Background**

Chief Industries is a Delaware corporation, with its principal place of business in Grand Island, Nebraska, engaged in the manufacturing of metal loft beds. See Filing No. 1, Exhibit A ¶¶ 1-4 (Complaint). Campus Lofts is an Iowa corporation, with its principal place of business in Moville, Iowa, engaged in leasing the type of beds manufactured by

---

[1] Because the court has determined that Chief Industries' motion to remand (Filing No. 14) should be granted, Chief Industries' motion to dismiss (Filing No. 21) is now denied as moot.

Chief industries.  *Id.*  On March 9, 2005, Chief Industries filed a complaint against Campus Lofts in the District Court of Hall County, Nebraska, alleging that Campus Lofts failed to pay in full for 750 beds it ordered.  *Id.* at ¶ 6-8.  In its complaint, Chief Industries demanded payment in the amount of $74,103.75, the alleged remaining balance for the beds.  *Id.*  On April 11, 2005, Campus Lofts filed an answer and counterclaim.  *Id.* at 8.  Subsequently, on April 13, 2005, Campus Lofts removed the matter to federal court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *See* Filing No. 1.  Chief Industries then filed a motion to remand, arguing that the amount in controversy for diversity jurisdiction had not been met.  *See* Filing No. 14.  Campus Lofts opposed the motion arguing the contrary.  See Filing No. 17.  Specifically, Campus Lofts argued that, taking into account either the amount of the counterclaim or the value of the whole contract, the amount in controversy exceeded $75,000.  *Id.*  Campus Lofts, however, did not dispute the issue of diversity of citizenship.  *Id.*

On July 5, 2005, Magistrate Judge Thomas D. Thalken, in his report and recommendation, determined that the amount in controversy did not satisfy the jurisdictional amount and recommended that Chief Industries' motion to remand be granted. *See* Filing No. 28.  In his report and recommendation, the magistrate judge noted that Chief Industries' demand for payment of $74,103.75 did not satisfy the amount necessary to establish diversity jurisdiction.  *Id.*  The magistrate judge determined that neither Campus Lofts' counterclaim nor the contract price could be used to satisfy the jurisdictional amount.  *Id.*

Campus Lofts has now filed a statement of objections to the magistrate judge's report and recommendation arguing: (1) that the magistrate judge incorrectly determined that its counterclaim should not be considered in determining the amount in controversy

2

and (2) that the magistrate judge incorrectly determined that the complaint sought to recover less than $75,000 because Chief Industries also seeks "recovery of such other and further relief" in addition to the $74,103.75.  *See* Filing No. 30.  For the reasons stated below, the court disagrees with Campus Lofts and finds that the magistrate judge correctly determined that the amount in controversy does not satisfy the jurisdictional amount to establish diversity jurisdiction.

## Discussion

Congress granted to federal courts the power to hear claims based on diversity of citizenship.  *See* 28 U.S.C. § 1332.  Federal jurisdiction based on diversity of citizenship has two requirements:  (1) no plaintiff in the action can be a citizen of the same state as any of the defendants and (2) the amount in controversy must exceed $75,000, exclusive of interests and costs.  *Id.*  Any civil action brought in a state court of which federal district courts have original jurisdiction may be removed.  *See* 28 U.S.C. 1441(a).  In removal cases, federal courts are required to strictly construe the federal removal statute and doubts about federal jurisdiction are resolved in favor of remand.  *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997).  In the Eighth Circuit, the district court generally takes "the plaintiff's viewpoint" in determining whether the amount in controversy requirement in a diversity action is met.  *Smith v. American States Preferred Ins. Co.,* 249 F.3d 812, 813 (8th Cir. 2001).  The removing defendant has the burden to prove that the amount in controversy requirement has been satisfied.  *In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir.1993); *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002).

The Eighth Circuit has not squarely addressed the question of whether counterclaims should be considered in calculating the amount in controversy in the removal

3

context.[2] However, the majority of the district courts have held that in removal cases the amount in controversy is determined without consideration given to the value of a defendant's counterclaim. *See Central Associated Carriers, Inc. v. Neckelberry,* 995 F.Supp. 1031, 1034-36 (W.D.Mo. 1998); *Mesa Indus., Inc. v. Eaglebrook Prod., Inc.,* 980 F.Supp.323, 326-27 (D.Ariz. 1997); *Continental Ozark, Inc. v. Fleet Supplier, Inc.,* 908 F.Supp. 668 (W.D.Ark. 1995); *Meridian Aviation Serv. v. Sun Jet Int'l,* 886 F.Supp. 613 (S.D.Tex. 1995); *Iowa Lamb Corp. v. Kalene Indus., Inc.,* 871 F.Supp. 1149 (N.D.Iowa 1994); *Martin Pet Prod. v. Lawrence,* 814 F.Supp. 56 (D.Kan. 1993); *see also* 14C Charles Alan Wright, Federal Practice and Procedure § 3725 at 105-106 (3d ed. 1998) (for removal cases, "[t]he traditional rule has been than no part of the required jurisdictional amount can be met by considering the defendant's counterclaim").

In this case, Campus Lofts argues that the magistrate judge should have considered the counterclaim in determining the amount in controversy. The court, however, does not agree. As indicated above, the majority of the courts, in removal cases, do not take into account the amount of a defendant's counterclaim in determining the amount in controversy. This court agrees with the majority view that, for purposes of determining diversity jurisdiction, the amount in controversy should be determined solely from the face of the plaintiff's complaint. Allowing a removal party to include his or her counterclaim will allow that party to establish diversity jurisdiction even though the plaintiff's claim does not support it. By focusing only on the plaintiff's complaint to ascertain the amount in controversy, courts achieve certainty, uniformity, and compliance with the requirement to strictly construe the removal statute. *Transit Cas. Co.,* 119 F.3d at 625; *Hurt v. Dow*

---

[2] As the magistrate judge noted, 28 U.S.C. § 1447(d) provides that remand orders are not appealable. This procedural rule may account for the lack of guidance from the Eighth Circuit or any other circuit on this issue.

*Chemical Company,* 963 F.2d 1142, 1145 (8th Cir. 1992) ("diversity jurisdiction in removal case [is] narrower than if the case were originally filed in federal court by the plaintiff").

Campus Lofts asserts that binding authority requires that this court looks to its counterclaim in determining whether the amount in controversy requirement has been satisfied for diversity purposes. However, Campus Lofts' assertion is mistaken. Some circuit courts in original, *not removal*, jurisdiction have looked to the value of a counterclaim in deciding whether the amount in controversy requirement was satisfied. *See Spectator Management Group v. Brown,* 131 F.3d 120, 121 (3rd Cir. 1997); *Geoffrey E. MacPherson, Ltd. v. Brinecell, Inc.,* 98 F.3d 1241 (10th Cir. 1996); *Fenton v. Freedman,* 748 F.2d 1358, 1359 (9th Cir. 1984); *Motorists Mutual Ins. Co. v. Simpson,* 404 F.2d 511 (7th Cir. 1968). Unlike the case currently before the court, these cases, cited by Campus Lofts, dealt with complaints that were originally filed in federal court and did not involve the basis for exercising removal jurisdiction. Only a minority of federal district courts have looked to the value of counterclaims in establishing the amount in controversy. *See Swallow & Associates v. Henry Molded Products, Inc.*, 794 F.Supp. 660 (E.D.Mich. 1992) and *Congaree Broadcasters, Inc. v. TM Programing, Inc.,* 436 F.Supp. 258 (D.S.C. 1977). The court, however, finds these cases not to be persuasive.

Campus Lofts also argues that *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809 (8th Cir. 1969) and *Kirby v. American Soda Fountain Company,* 194 U.S. 141 (1904) support the proposition that a counterclaim should be taken into consideration when determining the amount in controversy. However, these two cases are distinguishable from the case at hand. In *Hatridge*, the Eighth Circuit noted that some courts had used the defendant's viewpoint to determine the amount in controversy. *Hatridge,* 415 F.2d at 814-16. However, that case, which involved a claim under an insurance policy, did not involve a

5

counterclaim. *Id.* The court found jurisdiction in federal court based on the fact that the plaintiff's claim for loss of consortium was contingent upon her husband's claim for personal injury. *Id.* The court, however, never took into consideration a counterclaim to determine the amount of controversy nor to find jurisdiction. *Id.*

In *Kirby,* the Supreme Court considered a claim and a counterclaim in determining that federal jurisdiction existed. *Kirby,* 194 U.S. at 144-46. However, the Court based that determination on the fact that the plaintiff had initially filed a claim against the defendant for an amount which undisputably could establish federal jurisdiction. *Id.* Thus, when the defendant removed the case to federal court, the Court noted that the plaintiff's claim alone exceeded the required amount to establish federal jurisdiction. *Id.* After removal, in an effort to defeat federal jurisdiction, the plaintiff sought to dismiss his claim. *Id.* The Court, however, rejected plaintiff's efforts stating that jurisdiction had already attached and that plaintiff could not defeat it by trying to dismiss his claim. *Id.* Clearly the facts in *Kirby* are different from the case at hand. Here, plaintiff has not made a claim that satisfies the jurisdictional amount, plaintiff is not seeking to dismiss its claim, and, most important, federal jurisdiction has not attached.

Campus Lofts also argues, without citing any authority, that the amount for federal jurisdiction could be established because Chief Industries prays for additional relief. Specifically, Campus Lofts refers to the part of the complaint which, in addition to the $74,103.75, Chief Industries also seeks "recovery of such other and further relief." *See* Filing No. 30. The court disagrees with Campus Lofts. Chief Industries' request for additional relief does not ask for a specific amount. At this stage, the court does not know what additional compensation, if any, the plaintiff is entitled to receive. This court finds that the amount in controversy is determined solely from the face of the plaintiff's complaint.

The court will not engage in speculation regarding any relief which the plaintiff may be entitled to receive.  *See Allen v. R. & H. Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995) (removal petition must be based on facts, not "simply upon conclusory allegations.") (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1962).  Accordingly, the court finds that the amount in controversy in this case, $74,103.75, is not enough to meet the jurisdictional amount required for diversity jurisdiction and that the magistrate judge correctly made such determination.

IT IS THEREFORE ORDERED that:

1. The statement of objection filed by Campus Lofts, Filing No. 30, to the magistrate judge' report and recommendation, Filing No. 28, is overruled;

2. The magistrate judge's report and recommendation, Filing No. 28, is adopted in its entirety;

3. Chief Industries' motion to dismiss, Filing No. 21, is denied as moot; and

4. Chief Industries' motion to remand, Filing No. 14, is granted.

DATED this 22nd day of December, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge